FILED
2017 Jul-24  PM 05:28
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT BEEMAN** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) CIVIL ACTION NO.:_____ |
| **PROTECTIVE LIFE CORPORATION, a CORPORATION** | ) |
|       **Defendants.** | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

## PREAMBLE

The Plaintiff is an African American male and former employee and executive officer of the defendant, Protective Life Corporation. Beeman served his country as a United States Marine and received an Honorable Discharge. Beeman is a graduate of Harvard Law School and after he finished law school he served as a federal law clerk for the Honorable Judge Ira DeMent, United States District Judge for the Middle District of Alabama. Following his clerkship Beeman worked for a local law firm before going to work for the defendant as in house counsel. Beeman was

1

employed with the defendant for approximately 18 years.  Beeman alleges that he was discriminated against because of his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981and 1981(a).

Defendant, Protective Life Corporation is a 100 plus year Old Corporation founded in 1907 and  doing business in Alabama with its main offices located in Birmingham. Protective is one of the largest providers of insurance and financial services in the state of Alabama and markets its products in all 50 states!  Beeman alleges that throughout his employment his career has been negatively affected by an all-white subjective decision making body that does not allow African Americans the same opportunities for promotions as white employees or executives of the defendant. Moreover, African Americans are woefully underrepresented in management and promotional decision making positions. Beeman also alleges that he was discriminated against in that he was denied promotion to level 119 which is the level at which Protective executives began to receive stock options based on the company's performance and that the 119 level is reserved for white corporate officers only! Upon information and belief, during its over 110 year history, Protective Life has employed only two (2) African American executives that have reached the 119 level.

## I.   PRELIMINARY STATEMENT

1. This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. Section 1981 and 1981(a). Plaintiff alleges that the Defendant, Protective Life Corporation (hereinafter, Protective) has discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964 as, amended, and 42 U.S.C. § 1981 and 1981(a). The Plaintiff seeks declaratory, injunctive, and other relief to redress a deprivation by Protective of plaintiff's right to be free of discriminatory employment practices on the basis of race, including discriminatory pay and promotional practices and to secure the protection of, and to redress the deprivation of rights secured by the 42 U.S.C. Section 1981 and 42 U.S.C. Section 1981(a).

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4) and 28 U.S.C. §§ 2201 and 2202

3. The unlawful employment practices alleged herein, were committed and are being committed, by the defendant within the State of Alabama.

## III.   ADMINISTRATIVE EXHAUSTION

4.     Beeman filed his individual EEOC charges within the 180 days of the occurrence of the unlawful employment practice(s) which plaintiffs complains of herein against the defendant.

5.     An authorization to file suit was issued by the EEOC and received by plaintiffs not more than ninety, (90), days prior to the commencement of this action. Plaintiff is also filing 42 U.S.C. § 1981claims within the (4), year statute of limitations available under 28 U.S.C. § 1658.

## IV.   PARTIES

6.     Plaintiff, **Robert Beeman** is an African-American male, over the age of nineteen, (19), years, a citizen of the United States and a resident of the State of Alabama. Beeman is a person aggrieved as defined by statute.

7.     Defendant, Protective, is a Corporation doing business in Jefferson County, Alabama. The defendant employees more than 15 people and at all times relevant employed the plaintiff, Robert Beeman.

## V.   STATEMENT OF CLAIMS:

### COUNT ONE VIOLATION OF TITLE VII

8.     The plaintiff re-alleges and incorporate paragraphs 1 through 7 as if fully set forth herein.

9.     Robert Beeman is an African American male and former employee executive officer of the defendant, Protective Life Corporation. Beeman served his country as a United States Marine and received an Honorable Discharge. Beeman is a graduate of Harvard Law School and after he finished law school he served as a federal law clerk for the Honorable Judge Ira DeMent, United States District Judge for the Middle District of Alabama. Following his clerkship Beeman worked for a local law firm before going to work for the defendant as in house counsel. Beeman was employed with Protective for approximately 18 years. Beeman alleges that he was discriminated against because of his race, African American, in promotions, evaluations, pay, salary, income, bonus pay, promotions, promotion to level 119 that would have allowed him to receive stock options and profit sharing all in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

10.    Said discrimination was accomplished in part due to an all-white decision making body that used subjective criteria to determine who would receive promotions to level 119 and a "good Ole boy" system that only allows whites to receive stock options and profit sharing opportunities !

11. The defendant accomplishes said discrimination in that it uses a "good old boy" system of only identifying and selecting whites for promotions to level 119 where they receive profit sharing and stock options.

12. The Defendant has an all-white decision making management team and use subjective criteria to determine who will receive promotions in general and especially who will receive promotion to level 119 where they receive stock options and profit sharing.

13. Similarly situated white employees are not treated in such a discriminatory fashion. Upon information and belief, there have been a number of white employees who have received profit sharing, stock options or promotions to level 119 in the 110 year history of the defendant, however, upon information and belief, only two (2) African American employees have been elevated to the 119 level.

14. The procedures, criteria, and practices of Protective to determine promotions, pay, and other terms and conditions of employment discriminate against the plaintiff because of his race, African American. Moreover, after being placed on notice of this disparity in the way selections are made for level 119, Protective has failed to take any action to alleviate this disparity.

15. As a consequence and effect of defendant's unlawful conduct and practices, plaintiff has been and is being deprived of promotions, income, stock

options, profit sharing, benefits, and other terms and conditions of employment because of his race.

16. Plaintiff has further suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendant's unlawful discriminatory conduct.

17. Defendant engaged in the discriminatory practices complained of herein with malice and/or with reckless indifference to the plaintiffs federally protected rights.

18. The plaintiff has no plain , adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, front-pay, compensatory and punitive damages , injunctive relief and declaratory judgment is plaintiff's only means of securing adequate relief.

19. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and procedures as set forth herein unless enjoined by this court.

### COUNT TWO VIOLATION OF 42 U.S.C. Section 1981 and 1981(a).

20. The plaintiff re-allege and incorporate paragraphs 1 through 19 as if fully set forth herein.

21. The effect of the defendant's discrimination on the basis of race as set forth above has been to deprive the plaintiff of the right to make and enforce contracts

as is enjoyed by similarly-situated white persons in violation of 42 U.S.C. Section 1981 and 42 U.S.C. Section 1981(a) and the Civil Rights Act of 1866.

22.  As a consequence and effect of defendant's unlawful conduct and practices, plaintiff has been and is deprived of promotions, income, stock options, profit sharing, back-pay, employment, benefits, and other terms and conditions of employment because of his race.

23. Plaintiffs has further suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendant's unlawful discriminatory conduct.

24. Defendant engaged in the discriminatory practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

25. The plaintiff has no plain , adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, compensatory and punitive damages , injunctive relief and declaratory judgment is plaintiff' only means of securing adequate relief.

26. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and procedures as set forth herein unless enjoined by this court.

VI. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant Protective Life Corporation described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII and 42 U.S.C. § 1981;

2. Grant the Plaintiff a permanent injunction enjoining Defendant Protective Life Corporation, their agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII;

3. Issue an injunction ordering this Defendant not to engage in race discrimination and retaliation and ordering Defendant Protective Life Corporation to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct;

4. Grant the Plaintiff an order requiring the Defendant Protective Life Corporation to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), and by awarding plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Byron R. Perkins
Lee Winston
Roderick T. Cooks
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
Tel:   (205)502-0970
Fax:   (205)251-0231
email: rcooks@winstoncooks.com

PERKINS-LAW, LLC
2170 Highland Avenue
Suite 100
Birmingham, AL 35205
Telephone:  (205) 558-4696
Fax:        (205) 383-1910
bperkins@perkins-law.com
tlyons@perkins-law.com